

RECEIVED NOV 18 2014 CLERK, U.S. DISTRICT COURT RICHMOND, VA

United States District Court

Eastern District of Virginia

Richmond Division

Case #3: 14cv785

Plaintiff,

Douglas Weakley
8350 Wetherden Dr
Mechanicsville,Va 23111
804-938-2848

V.

Homeland Security Solutions Inc
3130 A Nasa Dr
Hampton,Va 23666
757-722-4726
Serve : Richard Neville COO

Plaintiff Douglas Weakley, brings this action for violations of his rights under Americans with Disabilities Act of 1990 as well as discriminated against due to my disability, my need for further surgeries and in retaliation for engaging a protected activity, all in violation of the Americans with Disabilities Act of 1990, as amended – Section-503, and the Virginia Human Rights Act, Va Code 2-2-3900B et seq. I bring this suit to be heard in the Eastern District of Virginia with the Defendant home office being located in Hampton Virginia with my job location of Quantico, Va and my home address here in the Richmond, Va region. Also being granted a Right to Sue Letter from EEOC. Exhibit 1 Exhausting all reasonable efforts with defendant and help of the EEOC to settle my dispute of claims. (I have described in detail below in EEOC Timeline with Exhibit # )

### Introduction

I.     I, Douglas Weakley worked for the Defendant from Aug 2010 to Aug 2012 as a Physical Security Specialist. I was out of work due to a medical condition from July 2011 to November 2011. Upon my return, I advised my supervisor that I would need an additional four months of leave in 2012 due to an expected surgery related to my medical condition. In or around May 2012 , I requested a leave of absence for a surgery as a reasonable accommodation, which was granted by the corporate HR office. However, my surgery that was scheduled for July 2012 was canceled due to a medical complication. At all times, I walked with a noticeable limp due to my

disability. Throughout my employment with Defendant I was treated unfairly. Exhibit 2 Prior to my termination in Aug 2012, I was issued two frivolous write-ups which were later overturned due to my persistence complaints of unfair treatment. On July 26, 2012 I was issued a write up ( with my rebuttal attch) for clocking in through my cell phone and falsely accused me of committing timesheet fraud Exhibit 3   My co-workers who also used their cell phones to clock in were not disciplined. Exhibit 2  My immediate Supervisor Ms. McGuigan interviewed several Marines on the base, which we worked with, regarding her allegations of timesheet falsification. These Marines provided Ms. McGuigan evidence which would have exonerated me of the charges. Most notably , one Marine reported to Ms. McGuigan that he had seen an individual who looked just like me and walked with a limp during the the relevant time period. Exhibit 4  Ms. McGuigan turned down this Marines statement, saying it was not "relevant" and she attempted to get another Marine to make false statements about my whereabouts, all for the purpose of supporting disciplinary action against me. Exhibit 5A  To later find out this information was held from the Marine Corps for fear of them not going along with the termination process. As admitted by Ms. McGuigan statement to Sgt Arenas.  Exhibit 5A

II.    The July 26, 2012 initial write-up ( my rebuttal attch) issued by my Sup. Stated a three- day suspension. Exhibit 3  On     or around Aug 17, 2012,Melissa Mason, Regional Sup, and Jim Turner, Regional Coord, met with me in my office. They asked me about the status of my need for surgery. I advised them that the surgery was being delayed due to medical issues and that my doctors were attempting to alleviate those issues so the required surgery could be rescheduled. This discussion contained no conversations of my recent discipline. On Aug 31, 2012, I was dis-charged, Exhibit 6  with no reasonable explanation of why it was being changed from a three day suspension, leaving me to believe it had to do with my recent conversation with Ms. Mason and Jim Turner. I later discovered that my medical/dental insurance had been canceled Aug 1, 2012, while still employed and without notice or explanation. Exhibit 7 Leaving doctor bills Exhibit 8  unpaid for lack of coverage.

Timeline reference with response to EEOC letter and further explanation of events

Just a brief overlay of timeline,  You will find within; affidavits, emails and documents Noted by Exhibit # . I will ref for easy reading and understanding, corresponding with dates and events.

on certain projects by my supervisor for example the 2032 handicapped door project that was the location of infraction and work location of Sgt Arenas and Cpl Kobus also Terri Avey ( see affidavit) Exhibit 16   Stating the current projects at the location and noting that you do not need to badge in at that location to gain entry, another false allegation by the Defendant stating there was no record of me being there on date or time.

* Please note email concerning security breach of my work area by my sup and a military police officer ( not on access roster ) I note this email showing the lengths the company would put its other employees in to discredit me or the lengths the sup would go to discredit me. I also found out later this infraction/breach of security was withheld from the Marine Corps brass. Exhibit 17

*Lastly you will see letters from my Health Ins Co with my health insurance cancelled 8/1/12 by HSSI 30 days before termination on 8/31/12. Exhibit 7 Also same with Dental cancelled on July 31, 2012 just days after write up and month before termination. I believe this in violation of laws and human rights and pure retaliation of a disabled person with the company having full knowledge of pending required surgery related to my disability. Leaving me to pay medical bills that at the time visiting the doctor with no knowledge of cancelation of insurance.

The info I presented is not just hear say but true accounts with affidavit, signatures of Marines, government employees and govt contractors and with a trial, the testimony of past/ present employees who have worked for the defendant along with witnesses mentioned within this letter.  Showing a company clearly satisfied with my performance but concerned with my past and future medical leave. To clearly disregard persons accounts to verify my whereabouts and asking these persons to make false statements. Exhibit 4 and 5A In the end terminating me after being cleared by military personnel, withholding this information from military brass and then hide behind their statements "we offered accommodations" to only later terminate me for utilizing that same accommodation they  offered and I accepted. The same practice used by personnel without disabilities (use of a cell phone for clocking in) Exhibit 2

I have since gone on with my life regaining work after a year of unemployment, but most recently laid off 10/2014 after 12 months, and not in my field of security which I miss very much. The false allegations allowed my Secret clearance to be revoked. And not before draining a good part of my retirement and having a lapse in coverage in health/dental insurance and damaging my reputation as Security Specialist.

As I have asked the EEOC to help me and now the Courts to help me regain my lost revenue, and rule in my favor ( lost interest in retirement , unpaid medical bills while not covered but still employed, lost wages, loss in amount of salary (occupation), and reserve the right to amend calculations (damages)$ for later date  and most importantly that HSSI will not engage in these practices with other disabled employees in the future).

Again , as stated above I request relief with the help of the Courts after exhausting all reasonable efforts with the Defendant and help of the EEOC with most recently having been informed of my complete EEOC charge file being lost (currently under appeal with the Freedom of Information Division of the EEOC). Exhibit 18

*See Original Charge of Discrimination Exhibit 9
* See Letter from Ms. Weinstein EEOC dated June 30,2014 Exhibit 10

* Please see Va Employment Commission Exhibit 11 ruling to find no misconduct on my part granting me benefits and letter stating HSSI withdraw after they reviewed same info as the Employment Commission. Exhibit 12

*I note in Ms. Weinstein letter Exhibit 10 that HSSI leans toward that they had no knowledge of an upcoming surgery and is just coincidental when it is clearly noted in email Exhibit 13 where I mentioned the cancelled surgery of July 9, 2012 because of a heart condition, well before write up on July 26, 2012 Exhibit 3 and then after the write up be visited by two regional directors of HSSI on Aug 17,2012 asking me about my health and upcoming/rescheduled surgeries ( I believe worried about more missed time and pressure from the HSSI brass to fill the position with more mobile/present person) . Not one question about my write up or any questions to get my side with me believing all was overlooked as past frivolous write-ups and damaging treatment. Changing a three day suspension too termination. I believe this not be coincidental.

*You will see attached two previous performance evaluations scoring me as an employee of Role model and Exceeds Expectations. Exhibit 14 Note: These evaluations are evaluated with Military supervisors input as well. Reason for including evaluations shows I was a valued employee and resource with no mention of misconduct which only points to the past missed time for surgeries and the pressure to replace me before the upcoming surgeries as discussed after my write up with the visit on Aug 17 by HSSI brass.

* I note in Ms. Weinstein letter mentioned respondent accommodation of rescheduling surveys to lessen walking , this included doing surveys while entering base in morning instead of parking and walking long distance to office just to clock in and to return to vehicle and drive to check on projects or surveys. This was not just accommodation but a practice of other Physical Security Specialist in my office ( see affidavit of Bryan Findlay ) Exhibit 2 . A company cannot stand behind a " a granting of an accommodation" in the end discipline/terminating him or her after utilizing the accommodation.

*Find within my write up, (with sup recommending 3 day suspension to later be changed to dismissal by HSSI brass, 1 month later) Exhibit 3 and 6 . Termination letter noting being terminated for the a rule that was an accommodation permitted for my disability and a practice allowed to other HSSI employees ( see Bryan Findlay) Exhibit 2 This termination letter also mentioning a recanted statement by Sgt Arenas ( See Sgt Arenas 2nd affidavit) when in fact he never recanted his statement. Exhibit 5B

*Please see Sgt Arenas affidavit and Cpl Kobus statement Exhibit 4 and 5A where they were requested to make false statements ( by my sup) on the morning that I was not seen at building 2032 (morning of infraction) false statements as far as telling that they saw another person Mike Melville (see Mike Melville affidavit) Exhibit 15 Where he states he is not on base at that time of morning. and Sgt Arenas affidavit stating the request of my sup. After the request was denied to falsify statement the Sgt and Cpl were told their statements were not needed. 4 and 5A I was often criticized for spending to much time

Your attention to this matter is greatly appreciated by my family and I ... and respectfuly demand a trial.

Douglas Weakley

*[signature]* 11/18/14

Douglas Weakley
8350 Wetherden Dr. Mechanicsville, Va 23111
douglasweakley@verizon.net
804-938-2848